-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BRIAN AVERY SMITH,

        Plaintiff,

    -v-

WILLIAM HOCHUL, JR., et al.,

        Defendants.

---

DECISION AND ORDER
13-CV-1106A



## INTRODUCTION

Plaintiff, Brian Avery Smith, a federal pre-trial currently charged with a number of criminal offenses under a Second Superseding Indictment filed in this Court, filed a complaint and application to proceed *in forma pauperis*. Upon granting of the application to proceed *in forma pauperis*, the Court screened the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and dismissed a number of claims with prejudice, including but not limited to the claims against William Hochul, United States Attorney, Western District of New York, and Maura K. O'Donnell, Assistant United States Attorney, Western District of New York, and dismissed any remaining claims without prejudice and with leave to amend on the basis that the claims failed to state a claim upon which relief can be granted under 42 U.S.C. §§ 1983, 1985(3) and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 398 (1971). (Docket No. 9, Decision and Order ("Decision and Order")).

Plaintiff has been charged in this Court with, *inter alia*, Bank Fraud, Wire Fraud and Identify Theft. (*United States v. Smith*, 13-CR-0084A, Docket No. 69, Second Superseding Indictment.) His complaint alleged that following an investigation of the

Federal Bureau of Investigation ("FBI"), the defendants, some of whom may have been acting under color of federal or state law and some who were private individuals, conspired to violate his civil rights in violation of 42 U.S.C. §§ 1983 and 1985(3). The Decision and Order summarized plaintiff's complaint, in part, as follows:

> [Plaintiff] allege[d] in wholly conclusory fashion that the FBI conducted an investigation of him that included a number of individuals, government agencies and private individuals, but the government has provided limited information as to its investigation and that '[t]he defendants conspired together to violate due process and other civil rights of the plaintiff and to charge him with a crime he did not commit and the defendants should have recognized he did not commit.' He allege[d] unspecified violations of the Fourth, Fifth, Sixth and Eighth Amendments to the United States Constitution.

Plaintiff alleged that as a result of defendants' actions he had been detained and suffered damage to his personal and business reputation, as well as emotional damages.

Upon review of the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court found that plaintiff's conspiracy claims under 42 U.S.C. §§ 1983 and 1985(3), brought against approximately 65 defendants, had to be dismissed because, in part, they were alleged in a wholly conclusory manner and failed to state an actionable claim of a conspiracy to violate plaintiff's constitutional rights. (Decision and Order, at 5-10.) The Court also found that any such conspiracy claims set forth against persons acting under color of federal law, including the United States Attorney for this District, Assistant United States Attorneys for both this District and the Eastern District of Missouri, FBI Agents, Federal Probation Officers and a Federal Public Defender, had to be construed as claims under *Bivens*, *supra*. As so construed, the *Bivens* conspiracy claims also were dismissed without prejudice for failure to state a claim. (Decision and Order, at 10-11.)

The claims that were construed to be brought under *Bivens--viz.*, those against the United States Attorney for this District (Hochul), and Assistant United States Attorneys for this District (O'Donnell) and the Eastern District Missouri (Albus and Callahan)--were dismissed with prejudice under the doctrine of absolute prosecutorial immunity. *Id.*, at 11. The claims against the Federal Probation Officers (Colley and Weeks), FBI Agents (Ramey, Cunningham, Petrelli, Donlan, Bifano and one unknown Agent) and three unknown United States Marshals were dismissed without prejudice for failure to state a claim upon which relief can be granted. *Id.*, at 11-14. The Court also noted that to the extent plaintiff may have been attempting to assert claims other than a conspiracy claim against these and other defendants--*e.g.*, false arrest, malicious prosecution-and wished to re-assert such claims in an amended complaint, the amended complaint had to assert such claims in a factual, non-conclusory manner so that the Court and defendants, if required to answer the amended complaint, were on notice of what the claims were and the factual bases of the claims. *Id.*, at 14, n.6, citing Fed.R.Civ.P. 8 (a); *Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995) (citations omitted).

Plaintiff has filed an amended complaint (Docket No. 10), and motions for reconsideration, to seal a document (motion for reconsideration) and for appointment of counsel (Docket No. 11-12). For the following reasons, the amended complaint is dismissed with prejudice, pursuant to 28 U.S.C. § § 1915(e)(2)(B)(ii) and 1915A, and plaintiff's motions for appointment of counsel, for reconsideration and to seal his motion for reconsideration are denied.

## DISCUSSION

3

## A. Amended Complaint

Plaintiff's amended complaint has trimmed significantly the number of defendants sued from 65 plus defendants to 14; but it asserts claims against a number of defendants whom the Court had dismissed previously with prejudice--Hochul, United States Attorney, WDNY, McDonnell, Assistant United States Attorney, WDNY, LoTempio, private counsel, and Sam Davis, private counsel (Docket No. 10, Third-Fourth, Eleventh Claims, at 12-13, 24-25). It also asserts claims against a number of "private," *i.e.*, non-government actors, individuals based solely on their testimony in the Grand Jury that led to the indictments and superseding indictments filed against plaintiff. *Id.*, Fifth-Eighth, and Tenth Claims, at 14-19, 23) and, therefore, as discussed below, the claims against these individuals must be dismissed because they are entitled to absolute immunity from suit. In effect, the Amended Complaint appears to have amended the conspiracy claims to claims under 42 U.S.C. § 1983 and 1985(3)[1] against the private citizens sued herein based on their Grand Jury testimony. Each of plaintiff's claims are addressed separately below.

---

[1] The Court notes that plaintiff appears to claim that the defendants violated a number of his constitutional rights under the Fourth-Sixth, Eighth and Fourteenth Amendments to the United States Constitution. "Section 1983 provides a private right of action against any person who, acting under color of *state* law, causes another person to be subjected to the deprivation of rights under the Constitution or federal law." *Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir.1999) (citing 42 U.S.C. § 1983) (emphasis added). "To prevail on such a claim, section 1983 requires that the plaintiff prove, inter alia, that the defendant caused the deprivation of his or her rights." *Taylor v. Brentwood Union Free School Dist.*, 143 F.3d 679, 686 (2d Cir.1998) (emphasis added) (citation omitted). For those defendants alleged to have acted under color of *federal* law, plaintiff may bring alleged violations of his constitutional rights under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 398 (1971). Federal courts typically analogize claims under § 1983 with *Bivens* actions. *See, e.g., Butz v. Economou*, 438 U.S. 478, 498-501 (1978).

### B. Standard of Review

Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. In addition, 28 U.S.C. § 1915A(a) requires the Court to conduct an initial screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" (*id.*), regardless of whether or not the inmate has sought *in forma pauperis* status under 28 U.S.C. § 1915.

In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). Moreover, "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations." *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004); *and see Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998). Nevertheless, even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S.89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks and citation omitted).

The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 663, 678 (2009). "A document filed *pro se* is to be liberally construed, ..., and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks and citations omitted). "A pro se complaint should not [be] dismiss[ed] without [the Court's] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotations and citation omitted).

### C. PLAINTIFF'S CLAIMS

#### 1. Claims Against Unknown Willoughby Hills Police Officer

Plaintiff alleges that on September 30, 2011, he was pulled over by an Officer of the Willoughby Hills (Ohio) Police Department for what the Officer claimed was an unlawful lane change. (Amended Complaint, Section 5A., First Claim, at 8-9.) Plaintiff was detained in the Officer's patrol car while the "owner's car" was searched without consent or a warrant. Plaintiff claims he was further detained while a K-9 unit was called and searched the vehicle without consent or a warrant. After the search of the vehicle, the Officer confirmed that plaintiff was purchasing the vehicle and issued plaintiff a ticket for an improper lane change. Plaintiff alleges the search and seizure was a violation of the Fourth-Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. §§ 1983 and 1985(3).

Rule 20 of the Federal Rules of Civil Procedure permits joinder of defendants in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and [] any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). In the event of misjoinder of parties, Rule 21 of the Federal Rules of Civil Procedure permits the Court to sever any claim against a party. See Fed. R. Civ. P. 21.

In deciding whether to sever a claim, the Court should consider (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 580 (E.D.N.Y. 1999).

There can be no question that the claims against the Unknown Willoughby Police Officer that occurred in Ohio are separate and distinct from the claims involving the other defendants. The remaining factors also weigh in favor of severance of this claim. Accordingly, the Court finds that the claim against the Unknown Willoughby Hills Police Officer relating to a traffic stop in Ohio should be severed from the other claims alleged in the amended complaint and dismissed without prejudice. *See Deskovic v. City of Peekskill*, 673 F.Supp.2d 154, 159-60 (S.D.N.Y.2009) ("If a court concludes that defendants have been improperly joined under Rule 20, it has broad discretion under Rule 21 to sever parties or claims from the action."); Fed.R.Civ.P. 21

("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."); *New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1082 (2d Cir.1988) ("The decision whether to grant a severance motion is committed to the sound discretion of the trial court.").

The Court also notes that dismissal of this claim is appropriate because there are no allegations that would support a basis for finding that the Court has personal jurisdiction over the Unknown Willoughby Hills Police Officer. This Court must apply the law of New York--the state in which it sits--to determine if it has personal jurisdiction over this defendant. *See Bensuan Restaurant Corp. v. King*, 126 F.3d 25 27 (2d Cir. 1997); *see also Omni Capital Int'l v. Rudolph Wolff & Co.*, 484 U.S. 97, 108 415 (1987) (stating that in determining whether a federal district court has personal jurisdiction over a party in a federal question case, the law of the forum state applies unless the relevant statute(s) make specific provisions for service of process under the circumstances).

Under New York's long-arm statute, the Court has personal jurisdiction over a non-domicillairy if the defendant transacts business in New York or commits a tortious act within the state. N.Y.C.P.L.R. § 302(a). The basis of the claim against the Willoughby Hills Police Officer is that he pulled plaintiff over in Ohio based on a unlawful lane change. The defendant therefore did not commit any tortious act within the state nor did he transact any business within the state. The Court, therefore, would have no personal jurisdiction over this defendant.

### 2. Claims Against Probation Officer and Supervisory Probation Officer

Plaintiff alleges that on February 24 and March 2, 2012, Melissa Colley, a United States Probation Officer, Western District of New York, filed a petition with the Court for both a summons and warrant, presumably for plaintiff's arrest, based on false allegations. He also alleges that the Supervising Probation Officer, Cleophus Weeks, approved the petition.[2] Plaintiff alleges that the petition led to his arrest and detention, presumably based on some violation of probation or supervised release. (Amended Complaint, Section 5A., Second Claim, at 10.) The amended complaint contains no further allegations against either Colley or Weeks.

The Court's initial Decision and Order noted that the allegations against Colley and Weeks were conclusory only and did not allege what actions these defendants took (or did not take). It also noted that whatever the actions were, "the[] actions could have been in [Colley's and Weeks's] roles as probations officers only and [as] 'arms of the court . . . performing functions closely associated with the judicial process." (Docket No. 9, Decision and Order, at 12-13) (quoting *Dorman v. Higgins*, 821 F.2d 133, 137-38 (2d Cir. 1987). If the actions taken were "closely associated with the judicial process," Colley and Weeks would be entitled to absolute quasi-judicial immunity. (*Id.* at 13.) The Court, however, provided plaintiff the opportunity to file an

---

[2]As noted in the Court's prior order reviewing the initial complaint, (Docket No. 9, Decision and Order, at 10), claims brought against persons acting under color of *federal* law are construed as claims brought under *Bivens*, 403 U.S. at 398. "A *Bivens* action is the nonstatutory federal counterpart of a suit brought pursuant to 42 U.S.C. § 1983 and is aimed at federal rather than state officials." *Shaw v. Lopez*, 2004 WL 1396698, at *2 (D.Conn., June 17, 2004) (citing *Ellis v. Blum*, 643 F.2d 68, 84 (2d Cir.1981); *Chin v. Bowen*, 655 F.Supp. 1415, 1417 (S.D.N.Y.), *aff'd*, 833 F.2d 21, 24 (2d Cir.1987) (citations omitted)).

amended complaint and set forth the specific acts (or failures to act) which formed the basis of plaintiff's claims against them.

The allegations against Colley and Weeks appear to be based on the submission of a petition by Colley for a warrant for plaintiff's arrest based on a violation of the terms of a sentence of probation or the conditions of supervised release. In determining whether a government actor or official is entitled to absolute immunity, the courts take a a "functional approach . . . which looks to the nature of the function performed, not the identity of the actor who performed it [.]" *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (internal citations and quotation marks omitted). Generally, conduct "intimately associated with the judicial phase of the criminal process" is accorded absolute immunity. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Dorman*, 821 F.2d at 136 (federal probation officers accorded absolute judicial immunity when preparing pre-sentence reports because they are acting as "arms of the court.")

Absolute immunity, however, has not been extended to probation officers performing duties "functionally akin to the actions of a police officer who seeks an arrest warrant" or for those actions that are "more investigative than prosecutorial." *Pettus v. City of New York*, 2011 WL 4458963, at *4-5 (E.D.N.Y. 2011) (Report and Recommendation) (federal probation officer seeking an arrest warrant and cooperating in arrest by with state police officers not accorded absolute immunity) (citing *Scotto v. Almenas*, 143 F.3d 105, 112 13 (2d Cir.1998) (state parole officer who submitted a parole report not entitled to absolute immunity because function was more investigative, rather than prosecutorial)); *Wilson v. Kelkhoff*, 86 F.3d 1438, 1445–46

10

(7th Cir.1996) (state parole officer not entitled to absolute immunity for preparing a violation report recommending that plaintiff's supervised release be revoked); *Schiff v. Dorsey*, 877 F.Supp. 73, 79 n. 2 (D.Conn.1994) (conferring absolute immunity on federal probation officer for filing a petition for probation action, yet noting that had the officer sought an arrest warrant, the analysis might have been different). The Court need not decide, at this time, whether Colley and Weeks are entitled to absolute immunity because the allegations set forth in the amended complaint fail to state a claim upon which relief can be granted and must be dismissed.

Construing plaintiff's claims liberally, as it must, *see Triestman v. Fed. Bur. of Prisons*, 470 F.3d 471, 474 (2d Cir.2006), the Court construes plaintiff's claims as alleging claims of false arrest and malicious prosecution based on Colley's filing of a petition with the Court for a warrant for his arrest based on some unknown probation or supervised release violation.[3] The false arrest claim fails to state a claim upon which relief can be granted because when an arrest occurs pursuant to a court-issued warrant, there can be no claim for false arrest. *See Williams v. Young*, 769 F.Supp.2d 594, 601 (S.D.N.Y.2011); *Jones v. Trump*, 971 F.Supp. 783, 788–89 (S.D.N.Y.1997) (citing *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118-19 (2d Cir.1995)); *Coakley v. Jaffe*, 72 F.Supp.2d 362, 363–64 (S.D.N.Y.1999); *Little v. City of New York*, 487

---

[3] To the extent plaintiff is suing Colley and Weeks (and the other federal officials or employees sued herein) in their official capacities, such claims must be dismissed because they are, in effect, claims against the Untied States which has not waived its sovereign immunity for claims for damages arising from actions of federal employees in their official capacities. *See, e.g.*, *F.D.I.C. v. Meyer*, 510 U.S. 471, 485-86 (1994)

F.Supp.2d 426, 439 (S.D.N.Y.2007).[4]  "In such a circumstance, 'the plaintiff must rely on malicious prosecution,' as the proper cause of action."  *Williams*, 769 F.Supp.2d at 602.

In order to state a claim of malicious prosecution under *Bivens*, plaintiff must show "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions."  *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir.1997) (internal quotations and citations omitted).  Again, plaintiff does not allege whether the violations proceedings terminated in his favor, but based on the allegation that the petition filed by Colley led to his "detention" the inescapable conclusion is that it did not.  Moreover, there are no allegations of actual malice on the part of Colley in filing the petition.  There are also no allegations that Weeks, other than in his role as supervisor, was personally involved in the alleged constitutional violations.  *See Thomas v. Ashcroft*, 470 F.3d 491, 497 (2d Cir.2006) (citing *Wright v. Smith*, 21 F.3d 496, 501 (1994)); *see also Colon Coughlin*, 58 F.3d 865, 873 (2d Cir.1995).[5]  Accordingly, plaintiff's amended

---

[4]Because plaintiff alleges that the petition led to his arrest and detention, the Court presumes that he was found guilty of the violations alleged by the petition and thus there was probable cause for the petition.  *See Pettus*, 2011 WL 4458963, at *6 (Report and Recommendation) (finding of guilt on the violations alleged established probable cause for the petition for a warrant (citing *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir.1996)( a conviction is "conclusive evidence" that probable cause existed for an arrest.)

[5]Their continues to be disagreement in the district courts in the Second Circuit regarding whether after *Ashcoft v. Iqbal*, 556 U.S. 662 (2011), the five factors for establishing personal involvement of a supervisor in actions under § 1983 or *Bivens* still apply.  *See, e.g., Rodriguez v. Federal Bureau of Prisons*, 2012 WL 6965109, at *9, n.11 (N.D.N.Y., Nov. 30, 2012).

complaint fails to state a claim upon which relief can be granted against Colley and Weeks and must be dismissed against them.

### 3. Claims Against Plaintiff's Retained Criminal Defense Attorneys

Plaintiff's claims against two of his former retained criminal defense attorneys, Frank LoTempio, III, and Sam Davis (Amended Complaint, Third-Fourth Claims, at 12-13), were dismissed with prejudice previously on the basis that they were not persons acting under color of state or federal law and therefore could not be liable for any alleged constitutional violations under either 42 U.S.C. § 1983 or *Bivens*. (Docket No. 9, Decision and Order, at 11-12, n.5.) Plaintiff's amended complaint again alleges that these defendants violated his constitutional rights under § 1983 or *Bivens* (Amended Complaint, at 12-13) and, as such, said allegations fail to state a claim. (*Id.*) The Court had also found that, to the extent, plaintiff was alleging that LoTempio and Davis had engaged in a conspiracy to violate his constitutional rights in violation of § § 1983 and 1985(3), said claims had to be dismissed without prejudice because the allegations were wholly conclusory and vague. (Decision and Order, at 11-12, n.5.)

To the extent plaintiff is requesting the Court to reconsider its prior Decision and Order dismissing the claims against these two defendants, it is denied.

### 4. Claims Against Individual Defendants Based on their Grand Jury Testimony

The next five of six claims set forth in the amended complaint (Fifth – Eight, and Tenth Claims, at 14-19, 23)--the claims that were pled in the complaint initially as a conspiracy to violate plaintiff's civil rights under 42 U.S.C. § § 1983 and 1985(3) among the "private" individuals and the "federal" defendants--are now pled as claims under § § 1983 and 1985(3) against five individuals sued initially (Portis, Hennigan, T.

13

Davis and J. and M. Burch) and one additional individual (Krollman). The claims are based on these individuals' testimony before the Grand Jury that indicted plaintiff. These claims must be dismissed with prejudice on the basis that individuals, including law enforcement officers, providing testimony before a grand jury are entitled to absolute immunity. See Rehberg v. Paulk, —U.S.—, 132 S.Ct. 1497, 1506 (2012).

> As recently summarized by the Second Circuit:
>
> In Rehberg v. Paulk, 132 S. Ct. 1497, 1506 (2012), the Supreme Court announced the bright line rule that a grand jury witness, including a law enforcement officer, "has absolute immunity from any § 1983 claim based on the witness' testimony," even if that testimony is perjurious. The Rehberg Court thereby expressly extended to grand jury witnesses, including police officers, the same immunity that had previously been enjoyed by witnesses at trial. Id. This holding was consistent with the understanding that, despite its broad terms, 42 U.S.C. § 1983 does not effect a radical departure from common law immunities. Id. at 1502.

Coggins v. Buonara, 776 F.3d 108, 2015 WL 148982, at *3 (2d Cir. Jan. 13, 2015) (citing Pierson v. Ray, 386 U.S. 547, 554–55 (1967)). Accordingly, plaintiff's claims against defendants Portus, Hennigan, T. Davis, J. and M. Burch, and Krollman must be dismissed with prejudice.

### 5. Claims Against FBI Agent Donlan

Plaintiff alleges that FBI Agent Donlan provided false information in an application for a warrant and appeared before the Grand Jury and provided false testimony. Plaintiff also alleges that Donlan participated in a conspiracy with some of the Grand Jury witnesses mentioned above when he obtained false statements from them and they perjured themselves in the Grand Jury. (Amended Complaint, Ninth Claim, at 20-21.)

To the extent the claims against Donlan are based on his Grand Jury testimony they are barred pursuant to the doctrine of absolute immunity. *Rehberg*, 132 U.S. at 1506. Like the claims against Probation Officers Colley and Weeks, plaintiff's claims that Donlan provided false information in a warrant application fail to set forth an actionable claim of either false arrest or malicious prosecution because (1) "when an arrest occurs pursuant to a court-issued warrant, there can be no claim for false arrest[,]" Discussion, Section 2, at 9, *supra* (citations omitted), and (2) the criminal proceedings have not terminated in plaintiff's favor and there are no allegations of actual malice on the part of Donlan, *id.*, at 9-10, *supra* (citations omitted). The conspiracy claims set forth in the amended complaint again are wholly conclusory and fail to state an actionable claim of a conspiracy against Donlan and the other individuals sued herein. (*See* Docket No. 9, Decision and Order, at 5-10, 13-14 (citations omitted).)

6. Claims Against United States Attorney and Assistant United States Attorney

Plaintiff's claims against the United States Attorney (Hochul) and Assistant United States Attorney (O'Donnell) (Amended Complaint, Eleventh Claims at 24), were dismissed with prejudice previously on the basis of absolute prosecutorial immunity. (Docket No. 9, Decision and Order, at 11.) Plaintiff's amended complaint again alleges that these defendants violated his constitutional rights under § 1983 (and *Bivens*) and the Fourth-Sixth, Eighth and Fourteenth Amendments (Amended Complaint, at 12-13) and, as such, said claims must be dismissed because Hochul and O'Donnell are entitled to absolute immunity. To the extent plaintiff is requesting

15

the Court to reconsider its prior Decision and Order dismissing the claims against these two defendants, it is denied.

### D. Appointment of Counsel

Plaintiff again seeks the appointment of counsel. (Docket Nos. 11-12.) Because the Court finds that the amended complaint must be dismissed this motion is moot. The Court notes, however, that it had denied a prior motion for counsel on the basis that a more fully developed record would be necessary before the Court could determine whether plaintiff's chances of success warranted the appointment of counsel. (Docket No. 9, Decision and Order, at 1, n.1 (citing *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (when determining whether to appoint counsel, the Court must first look to the "likelihood of merit" of the underlying dispute)). Because the Court has determined that the amended complaint must be dismissed there is no basis upon which the Court could appoint counsel.

### E. Motion for Reconsideration

Plaintiff appears to seek reconsideration of the Court's prior Decision and Order which, as noted, dismissed certain claims in the complaint with prejudice and dismissed the remaining claims without prejudice and with leave to amend. The Court has reviewed plaintiff's motion and finds that it provides no basis for the Court to reconsider its prior Decision and Order.

Reconsideration of a prior decision is generally justified in any one of the following three circumstances: (1) an intervening change in controlling law; (2) new evidence; or (3) the need to correct a clear error of law or to prevent manifest injustice. *See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d

Cir.1992); see also Amerisure Ins. Co. v. Laserage Tech. Corp., 1998 WL 310750, *1 (W.D.N.Y. Feb. 12, 1998) (citing United States v. Adegbite, 877 F.2d 174, 178 (2d Cir. 1989)).

Motions for reconsideration are not, however, to be used as a means to reargue matters already disposed of by prior rulings or to put forward additional arguments that could have been raised before the decision. See Duane v. Spaulding and Rogers Mfg. Inc., 1994 WL 494651, *1 (N.D.N.Y. Aug. 10, 1994). After all, a "motion for reconsideration is not a device intended to give an unhappy litigant one additional chance to sway the judge." Nossek v. Bd. of Ed. of Duanesburg Cent. Sch. Dist.,1994 WL 688298, *1 (N.D.N.Y. Nov. 10, 1994). Plaintiff's motion is simply a means to reargue the Court's prior Decision and Order and provides no basis for the relief requested. Accordingly, plaintiff's motion for reconsideration is denied.

### F. Motion to Seal

Plaintiff appears to want the motion for reconsideration to be filed under seal because United States Attorney Hochul has "apparently . . . taken exception to the filing of [the] complaint [and] as a result, [plaintiff] faces criminal charges for the pursuing [his] complaint . . . ." (Docket No. 11, Notice of Motion, ¶ 6.) Plaintiff does not elaborate on what criminal charges or additional criminal charges he faces as a result of the filing of a complaint against Hochul and the dozens of others sued initially, nor does he provide any other basis for sealing the motion for reconsideration. The Court notes, however, that on August 6, 2014, a Second Superseding Indictment was filed against plaintiff which included charges of "Retaliating Against a Witness," in violation of 18 U.S.C. § 1513(e). (United States v. Smith, 13-CR-0084A(Sr), Docket

No. 69, Second Superseding Indictment, Counts 69-71.) Even assuming these Counts are related directly to the filing of the complaint in this action, it provides no basis for sealing the motion for reconsideration. The basis of the new criminal charges is a matter best left for the criminal action. Accordingly, plaintiff's motion to seal the motion for reconsideration is denied.

## CONCLUSION

For the reasons discussed above, the amended complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A, and plaintiff's motions for appointment of counsel, reconsideration and to seal motion for reconsideration are denied. Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. See 28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, that the amended complaint is dismissed with prejudice;

FURTHER, that plaintiff's motions for appointment of counsel (Docket No. 12), reconsideration and to seal motion for reconsideration (Docket No. 11) are denied.

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

SO ORDERED.

                                                      S/ Michael A. Telesca

                                              MICHAEL A. TELESCA
                                             United States District Judge

Dated:       Rochester, New York
               February 23, 2015